## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 30, 2015

Ms. Meghan L. O'Callaghan
Social Security Administration
Office of General Counsel
200 W. Adams Street
30th Floor
Chicago, IL 60606

Re: Case No. 14-2464, *Valemaria Blankenship v. Commissioner of Social Securi*
Originating Case No. : 2:13-cv-12547

Dear Counsel,

The briefing schedule for this case has been reset and the briefs listed below must be filed electronically with the Clerk's office no later than these dates.

| | |
|---|---|
| Commissioner's Brief<br>Administrative Record<br>  4 paginated copies,<br>  see 6th Cir. Rule 30(f)(1)) | Filed electronically by **March 4, 2015** |
| Appellant's Reply Brief<br>  (Optional) | Filed 17 days after Commissioner<br>  brief is filed.  See Fed. R. App. P. 26(c) |

A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard.  *See* 6th Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict.  If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

Sincerely yours,

                                              s/Bryant L. Crutcher
                                              Case Manager
                                              Direct Dial No. 513-564-7013

cc:  Mr. Robert J. MacDonald
      Ms. Theresa M. Urbanic

Enclosure

# CHECKLIST FOR BRIEFS

**ECF FUNDAMENTALS:**

___ Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings
___ PDF format required
___ Native PDF format strongly preferred
___ In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.
___ Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1).

**COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):**

___ Sixth Circuit case number
___ Heading: "United States Court of Appeals for the Sixth Circuit"
___ Title of case
___ Nature of proceeding and name of court, agency or board below
___ Title of brief (example "Appellant's Brief")
___ Name(s) and address(es) of counsel filing the brief

**CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):**

___ Corporate Disclosure Form
___ Table of Contents
___ Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)
___ **Statement in support of oral argument** (if there is no statement, argument is waived)

***Page limitation, word or line count begins here. See Fed. R. App. P. 32(a)(7)

___ Jurisdictional statement
___ Statement of issues
___ Statement of the case, setting out the relevant facts and history with references to the record

> When referring to a district court record, the citation must include: (1) a brief description of the document; (2) the docket entry number of the document; and (3) the Page ID # range for the relevant pages.  See 6 Cir. R. 28 for additional information on how to reference appendices or administrative records in other appeals.  Examples:
>
> > Motion for Summary Judgment, RE 24, Page ID # 120-145
> > Transcript, RE 53, Page ID # 675-682
> > Plea Agreement, R. 44, Page ID # 220-225
> > A.R., RE 5, Page ID # 190-191, pp. 69-70

___   Summary of argument

___   Argument **with references to record and citations to case law, statutes and other authorities**.  The preferred format is that references and citations appear in the body of the text and not in footnotes.

___   Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

___   Signed conclusion
   Signature format is: s/(attorney's name)
   Graphic or other electronic signatures discouraged
\*\*\*Page limitation, word or line count ends here

___   A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

___   Dated Certificate of Service

___   **Designation of Relevant District Court Documents with Page ID # range**

___   Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix.

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

___   Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New)

   Times New Roman at 14 point    `Courier New at 12 point`

- \_\_\_ Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)
- \_\_\_ Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)
- \_\_\_ Briefs using the 14,000 word or 1300 line limits <u>must</u> include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C)).
- \_\_\_ Headings, footnote and quotations count toward word or line limitations
- \_\_\_ For Death Penalty briefs, see 6 Cir. R. 32(b)(2)
- \_\_\_ For Cross-Appeals, see Fed. R. App. P. 28.1
- \_\_\_ For Amicus briefs, see Fed. R. App. P. 29 and 32

MISCELLANEOUS:

- \_\_\_ Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted.
- \_\_\_ Footnotes must be same sized text as body of brief.